IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

RASHAWNDA LEWIS,                              3:13-cv-01479-BR

        Plaintiff,                           OPINION AND ORDER

v.

CAROLYN W. COLVIN, Acting
Commissioner, Social Security
Administration,[1]

        Defendant.

GEORGE J. WALL
Law Offices of George J. Wall
1336 E. Burnside
Suite 130
Portland, OR 97214
(503) 236-0068

        Attorneys for Plaintiff

_____

        [1] Carolyn W. Colvin became the Acting Commissioner of Social
Security on February 14, 2013.  Pursuant to Rule 25(d) of the
Federal Rules of Civil Procedure, Carolyn W. Colvin should be
substituted for Michael J. Astrue as Defendant in this case.  No
further action need be taken to continue this case by reason of
the last sentence of Section 205(g) of the Social Security Act,
42 U.S.C. § 405.

1 - OPINION AND ORDER

**S. AMANDA MARSHALL**
United States Attorney
**ADRIAN L. BROWN**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1003

**DAVID MORADO**
Regional Chief Counsel
**GERALD J. HILL**
Special Assistant United States Attorneys
Social Security Administration
701 Fifth Avenue, Suite 2900, M/S 221A
Seattle, WA 98104
(206) 615-2139

       Attorneys for Defendant


**BROWN, Judge.**

       Plaintiff Rashawnda Lewis seeks judicial review of a final decision of the Commissioner of the Social Security Administration (SSA) in which she denied Plaintiff's application for Supplemental Security Income (SSI) payments under Title XVI.

       This Court has jurisdiction to review the Commissioner's decision pursuant to 42 U.S.C. § 405(g).  Following a thorough review of the record, the Court **REVERSES** the Commissioner's final decision and **REMANDS** this matter.


## ADMINISTRATIVE HISTORY

       Plaintiff filed her application for SSI on March 15, 2010.

Tr. 26.[2]  Her application was denied initially and on reconsideration.  An Administrative Law Judge (ALJ) held a hearing on October 21, 2011.  Tr. 13.  At the hearing Plaintiff was represented by an attorney.  Plaintiff and a vocational expert (VE) testified at the hearing.  Tr. 13.

The ALJ issued a decision on November 22, 2011, in which he found Plaintiff is not entitled to benefits.  Tr. 37.  That decision became the final decision of the Commissioner on August 8, 2013, when the Appeals Council denied Plaintiff's request for review.  Tr. 1.

## BACKGROUND

Plaintiff was born on July 30, 1967, and was 44 years old at the time of the hearing.  Tr. 47.  Plaintiff graduated from high school.  Tr. 47.  Plaintiff has prior relevant work experience as an information clerk.  Tr. 64.

Plaintiff alleges disability since May 27, 2009,[3] due to chronic asthma, allergies, and depression.  Tr. 167.

Except when noted, Plaintiff does not challenge the ALJ's summary of the medical evidence.  After carefully reviewing the medical records, this Court adopts the ALJ's summary of the

---

[2] Citations to the official transcript of record filed by the Commissioner on December 26, 2013, are referred to as "Tr."

[3] At the hearing Plaintiff amended her alleged onset date from October 3, 2005, to May 27, 2009.

medical evidence except where noted.  *See* Tr. 28-37.

## STANDARDS

The initial burden of proof rests on the claimant to establish disability.  *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012).  To meet this burden, a claimant must demonstrate her inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  The ALJ must develop the record when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence.  *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011)(quoting *Mayes v. Massanari,* 276 F.3d 453, 459-60 (9th Cir. 2001)).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g).  *See also Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1161 (9th Cir. 2012).  Substantial evidence is "relevant evidence that a reasonable mind might accept as adequate to support a conclusion."  *Molina*, 674 F.3d. at 1110-11 (quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009)).  It is more than a "mere

scintilla" of evidence but less than a preponderance.  *Id.*
(citing *Valentine*, 574 F.3d at 690).

The ALJ is responsible for determining credibility,
resolving conflicts in the medical evidence, and resolving
ambiguities.  *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir.
2009).  The court must weigh all of the evidence whether it
supports or detracts from the Commissioner's decision.  *Ryan v.
Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008).  Even
when the evidence is susceptible to more than one rational
interpretation, the court must uphold the Commissioner's findings
if they are supported by inferences reasonably drawn from the
record.  *Ludwig v. Astrue*, 681 F.3d 1047, 1051 (9th Cir. 2012).
The court may not substitute its judgment for that of the
Commissioner.  *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir.
2006).


## DISABILITY ANALYSIS

### I.   The Regulatory Sequential Evaluation

The Commissioner has developed a five-step sequential
inquiry to determine whether a claimant is disabled within the
meaning of the Act.  *Keyser v. Comm'r of Soc. Sec. Admin.*, 648
F.3d 721, 724 (9th Cir. 2011).  *See also Parra v. Astrue*, 481
F.3d 742, 746 (9th Cir. 2007); 20 C.F.R. § 416.920.  Each step is
potentially dispositive.

At Step One the claimant is not disabled if the Commissioner determines the claimant is engaged in substantial gainful activity.  20 C.F.R. § 416.920(a)(4)(I).  *See also Keyser*, 648 F.3d at 724.

At Step Two the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairment or combination of impairments.  20 C.F.R. § 416.920(a)(4)(ii).  *See also Keyser*, 648 F.3d at 724.

At Step Three the claimant is disabled if the Commissioner determines the claimant's impairments meet or equal one of the listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity.  20 C.F.R. § 416.920(a)(4)(iii).  *See also Keyser*, 648 F.3d at 724.  The criteria for the listed impairments, known as Listings, are enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, she must assess the claimant's residual functional capacity (RFC).  The claimant's RFC is an assessment of the sustained, work-related physical and mental activities the claimant can still do on a regular and continuing basis despite her limitations.  20 C.F.R. § 416.920(e).  *See also* Social Security Ruling (SSR) 96-8p.  "A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent schedule."  SSR 96-8p, at *1.  In other

words, the Social Security Act does not require complete
incapacity to be disabled. *Taylor v. Comm'r of Soc. Sec. Admin.*,
659 F.3d 1228, 1234-35 (9th Cir. 2011)(citing *Fair v. Bowen,* 885
F.2d 597, 603 (9th Cir. 1989)).  The assessment of a claimant's
RFC is at the heart of Steps Four and Five of the sequential
analysis when the ALJ is determining whether a claimant can still
work despite severe medical impairments.  An improper evaluation
of the claimant's ability to perform specific work-related
functions "could make the difference between a finding of
'disabled' and 'not disabled.'"  SSR 96-8p, at *4.

     At Step Four the claimant is not disabled if the
Commissioner determines the claimant retains the RFC to perform
work she has done in the past.  20 C.F.R. § 416.920(a)(4)(iv).
*See also Keyser*, 648 F.3d at 724.

     If the Commissioner reaches Step Five, she must determine
whether the claimant is able to do any other work that exists in
the national economy.  20 C.F.R. § 416.920(a)(4)(v).  *See also
Keyser*, 648 F.3d at 724-25.  Here the burden shifts to the
Commissioner to show a significant number of jobs exist in the
national economy that the claimant can perform.  *Lockwood v.
Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010).
The Commissioner may satisfy this burden through the testimony of
a VE or by reference to the Medical-Vocational Guidelines set
forth in the regulations at 20 C.F.R. part 404, subpart P,

7 - OPINION AND ORDER

appendix 2.  If the Commissioner meets this burden, the claimant
is not disabled.  20 C.F.R. § 416.920(g)(1).


## ALJ'S FINDINGS

At Step One the ALJ found Plaintiff has not engaged
in substantial gainful activity since March 15, 2010, her
application date.  Tr. 15.

At Step Two the ALJ found Plaintiff has the severe
impairments of anxiety disorder, obesity, and alcohol
dependence.[4]  Tr. 15.

At Step Three the ALJ found Plaintiff's impairments do not
meet or equal the criteria for any impairment in the Listing of
Impairments.  Tr. 18.  The ALJ found Plaintiff can perform light
work as defined in 20 C.F.R. § 416.967(c) with the following
limitations:

> She can occasionally climb ramps and stairs,
> stoop, kneel, and crouch.  She should never climb
> ladders, ropes or scaffolds or crawl. She should
> avoid concentrated exposure to temperature
> extremes, high humidity, fumes, odors, dust, and
> gases.  She is limited to unskilled work and
> routine tasks and she should have no contact with
> the general public and only superficial
> interaction with co-workers.

Tr. 30.

---

[4] The Court notes the ALJ based his findings as to these
impairments on the medical diagnoses of Plaintiff that appear in
the record rather than statements in Plaintiff's applications.
*See* Tr. 15, 167.

At Step Five the ALJ found Plaintiff could perform jobs that exist in significant numbers in the national economy such as a small-product assembling job or a packaging and sorting job. Tr. 37.  Accordingly, the ALJ found Plaintiff is not disabled and, therefore, is not entitled to benefits. Tr. 37.

## DISCUSSION

Plaintiff contends (1) the ALJ erred when he improperly rejected the medical opinion of Karla Rae Causeya, Psy.D., and (2) the Appeals Council erred when it failed to properly consider the opinion of Plaintiff's treating physician Kristin Behle, M.D.

**I.    The ALJ did not err when he rejected Dr. Causeya's opinion.**

Plaintiff contends the ALJ failed to fully credit the opinion of examining psychiatrist Dr. Causeya.

An ALJ may reject an examining or treating physician's opinion when it is inconsistent with the opinions of other treating or examining physicians if the ALJ makes "findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record."  *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002)(quoting *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).  When the medical opinion of an examining or treating physician is uncontroverted, however, the ALJ must give "clear and convincing reasons" for rejecting it.  *Thomas*, 278 F.3d at 957.  *See also Lester v.*

9 - OPINION AND ORDER

*Chater*, 81 F.3d 821, 830-32 (9th Cir. 1995).  Generally the more consistent an opinion is with the record as a whole, the more weight an opinion should be given.  20 C.F.R. § 416.927(c)(4).

A nonexamining physician is one who neither examines nor treats the claimant.  *Lester*, 81 F.3d at 830.  "The opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician."  *Id.* at 831.  When a nonexamining physician's opinion contradicts an examining physician's opinion and the ALJ gives greater weight to the nonexamining physician's opinion, the ALJ must articulate his reasons for doing so.  *See, e.g.*, *Morgan v. Comm'r of Soc. Sec. Admin*, 169 F.3d 595, 600-01 (9th Cir. 1999).  A nonexamining physician's opinion can constitute substantial evidence if it is supported by other evidence in the record.  *Id.* at 600.

On October 19, 2011, Dr. Causeya performed a Psycho-diagnostic Evaluation with Assessment of Ability to Work of Plaintiff.  The evaluation included a mental-status examination, an evaluation of Plaintiff's social functioning, a series of standardized tests, and an assessment of Plaintiff's functional limitations.  Tr. 539-42.  Dr. Causeya gave Plaintiff an Axis I diagnosis of "Major Depressive Episode, recurrent, severe without psychotic features, chronic"; an Axis II diagnosis of "Anxiety

Disorder Not Otherwise Specified"; and assigned Plaintiff a GAF[5] of 35.

Dr. Causeya opined Plaintiff is moderately to severely limited in her ability to understand and to remember detailed instructions, to carry out detailed instructions, to maintain attention and concentration for at least two straight hours with at least four such sessions in a workday, to complete a normal workday and workweek without interruptions from psychologically-based symptoms and to perform at a consistent pace without an unreasonable number or length of rests, to interact appropriately with the general public or customers, and to set realistic goals or to make plans independently. Tr. 544-46. Dr. Causeya also opined a "routine, repetitive, simple entry-level job would actually serve as a stressor that would exacerbate [Plaintiff's] psychologically[-]based symptoms rather than mitigate stress in the workplace." Tr. 546. Dr. Causeya found Plaintiff is "not able to obtain or maintain gainful employment . . . because of her chronic Major Depressive Disorder. Her Anxiety disorder and her chronic pain serve to amplify her depressive symptoms, as she feels overwhelmed by them and unable to overcome them." Tr. 543. Dr. Causeya recommended a treatment plan for Plaintiff consisting

---

[5] A Global Assessment of Functioning (GAF) score rates a person's psychological, social, and occupational functioning on a hypothetical continuum of mental-health illness. *See* DSM-1V at 34.

of long-term psychotherapy and antidepressant medications.  Tr. 542.

The ALJ gave "Dr. Causeya's opinion, including the very low GAF score . . . little weight" on the grounds that Dr. Causeya's opinion was "based upon [Plaintiff's] subjective reporting of symptoms and is inconsistent with her own mental status exam, which was essentially normal; and it is inconsistent with the opinions of other examiners and reviewing doctors who opined [Plaintiff] is psychologically capable of work if so inclined." Tr. 35.

The Court notes Plaintiff did not object to the ALJ's finding that Plaintiff was not entirely credible as to the limiting effects of her alleged symptoms.  Plaintiff, therefore, in effect concedes the ALJ's rejection of any of Dr. Causeya's opinions based on Plaintiff's subjective complaints was proper. Tr. 31.

As the ALJ pointed out, the results of Dr. Causeya's examination of Plaintiff did not show any significant signs of psychological impairment.  Dr. Causeya found (1) Plaintiff maintained adequate eye contact, but became tearful when talking about her depression; (2) Plaintiff was able to subtract serial sevens from 100, although her process was slow; (3) Plaintiff was oriented; (4) Plaintiff's  attention span "appeared adequate for the tasks of the interview and testing"; (5) Plaintiff had

adequate memory and recall; (6) Plaintiff did not show signs or
report hallucinations or delusions; and (7) Plaintiff did not
have any thoughts of suicide or homicide.  Tr. 539.  Dr. Causeya
also found Plaintiff's intellectual functioning was in the
average range.  Tr. 539.

The ALJ also rejected Dr. Causeya's opinion on the ground
that Plaintiff's RFC "better reflects the record as a whole
including other medical opinions and [Plaintiff's] activities of
daily living."

The ALJ gave the opinion of examining psychiatrist Kay
Stradinger, Psy.D., more weight than that of Dr. Causeya.  On
October 21, 2009, Dr. Stradinger performed a psychiatric
evaluation of Plaintiff in which she opined Plaintiff appeared
capable of performing simple and repetitive work-type tasks, but
she seemed to have a "difficult time interacting with people" and
"would likely have a difficult time interacting independently,
effectively, and on a sustained basis with supervisors, coworkers
and the public."  Tr.  324-25.  Although the ALJ gave greater
weight to the opinion of Dr. Stradinger than to the opinion of
Dr. Causeya, the ALJ only accorded "some weight" to
Dr. Stradinger's opinion because the ALJ found Plaintiff's RFC
"better reflects the record as a whole, including other medical
opinions and claimant's activities of daily living."  Tr. 34-35.
The ALJ, however, did not identify any other treating or

examining physicians whose opinions received greater weight than those of Drs. Causeya or Stradinger nor did he explain why those "other" medical opinions were given greater weight.

The ALJ gave some weight to the opinion of examining psychiatrist Jack W. Davies, Psy.D.  Dr. Davies performed a psychological evaluation of Plaintiff in 1995 in connection with Plaintiff's claim for disability related to an alleged back injury she sustained at work in September 1994.  Dr. Davies opined Plaintiff was not a good candidate for "work hardening" and lacked the motivation to improve her condition.  Tr. 422-23. The ALJ acknowledged Dr. Davies's opinion "was given long before [Plaintiff's] alleged onset date," but, nevertheless, the ALJ gave Dr. Davies's opinion some weight because "it is consistent with the record as a whole, which shows little objective evidence to support [Plaintiff's] allegations."  Tr. 34.  In light of the fact that Dr. Davies's opinion was rendered approximately ten years before Plaintiff's alleged onset date, the Court concludes Dr. Davies's opinion is insufficient to rely on for purposes of rejecting Dr. Causeya's opinion and giving only "some weight" to Dr. Stradinger's opinion, which were both rendered within the relevant period.

Accordingly, the Court concludes on this record that the ALJ erred when he rejected Dr. Causeya's opinion and gave only "some weight" to Dr. Stradinger's opinion because the ALJ did not

provide legally sufficient reasons supported by substantial
evidence in the record for doing so.

## II.  Additional Evidence Provided to the Appeals Council

As noted, Plaintiff also contends the Appeals Council erred
when it failed to consider properly the opinion of Plaintiff's
treating physician Kristin Behle, M.D., whose opinion, according
to Plaintiff, supports that of Dr. Causeya.

As Defendant points out, however, the Appeals Council's
action is not subject to review.  *See Brewes v. Comm'r of Soc.
Sec. Admin.*, 682 F.3d 1157, 1161 (9th Cir. 2012).  "When the
Appeals Council declines review, 'the ALJ's decision becomes the
final decision of the Commissioner,' . . . and the district court
reviews that decision for substantial evidence, based on the
record as a whole."  *Id.* (quoting *Taylor v. Comm'r of Soc. Sec.
Admin.*, 659 F.3d 1228, 1231 (9th Cir. 2011)).

Evidence submitted to and considered by the Appeals Council,
however, is part of the administrative record properly before a
district court.  *Brewes*, 682 F.3d at 1164.  Thus, although
Dr. Behle's December 1, 2012, letter to Plaintiff's counsel was
not before the ALJ, it was part of the record before the Appeals
Council.  This Court, therefore, may consider Dr. Behle's letter
part of the administrative record.

In her letter to Plaintiff's counsel, Dr. Behle stated
Plaintiff has chronic, severe depression and has difficulty

making and keeping appointments and following through with
referrals to specialists.  Tr. 581-82.  Dr. Behle explained she
reviewed Dr. Causeya's October 2011 psycho-diagnostic examination
report and believes it is "reliable and its conclusions . . .
accurately reflect the degree of [Plaintiff's] depression."  Tr.
582.

Dr. Behle also stated Plaintiff's depression causes memory and
attention issues and that Plaintiff is not able to "retain
instructions or information in any consistent fashion" and "would
have a hard time following through with instructions after a
couple hours and would likely forget the task at hand or lose
concentration."  Tr. 582.

    As noted, Dr. Behle's letter was not part of the record
before the ALJ, and, therefore, the ALJ did not have the
opportunity to consider Dr. Behle's findings.  In light of the
objective medical evidence contained in Dr. Behle's report and
the fact that the ALJ erred when he rejected the opinion of
Dr. Causeya, Dr. Behle's opinion may affect the ALJ's
determination as to whether Plaintiff's mental impairments are
severe, as to his assessment of Plaintiff's RFC, and as to his
findings at Steps Four and Five.


## REMAND

    The Court must determine whether to remand this matter for

further proceedings or to remand for calculation of benefits.

The decision whether to remand for further proceedings or for immediate payment of benefits generally turns on the likely utility of further proceedings. *See, e.g.*, *Brewes v. Comm'r Soc. Sec. Admin.*, 682 F.3d 1157, 1164 (9th Cir. 2012). The court may "direct an award of benefits where the record has been fully developed and where further administrative proceedings would serve no useful purpose." *Id.* (quoting *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996)).

The Ninth Circuit has established a three-part test for determining when evidence should be credited and an immediate award of benefits directed. *Strauss v. Comm'r of Soc. Sec. Admin.*, 635 F.3d 1135, 1138 (9th Cir. 2011). The court should grant an immediate award of benefits when:

> (1) the ALJ has failed to provide legally
> sufficient reasons for rejecting such
> evidence, (2) there are no outstanding issues
> that must be resolved before a determination
> of disability can be made, and (3) it is
> clear from the record that the ALJ would be
> required to find the claimant disabled were
> such evidence credited.

*Id.* The second and third prongs of the test often merge into a single question: Whether the ALJ would have to award benefits if the case were remanded for further proceedings. *See, e.g.*, *Harman v. Apfel*, 211 F.3d 1172, 1178 n.2 (9th Cir. 2000).

On this record the Court concludes further proceedings are necessary because it is not clear whether the ALJ would have

17- OPINION AND ORDER

found Plaintiff can perform other work that exists in significant numbers in the national economy if the ALJ had properly considered the opinions of Drs. Causeya and Stradinger and had the benefit of Dr. Behle's opinion.

Based on the foregoing, the Court concludes a remand for further proceedings consistent with this Opinion and Order is required to permit the ALJ (1) to consider the opinions of Drs. Causeya, Stradinger**,** and Behle; (2) to determine whether Plaintiff's mental impairments are severe in light of these opinions; and (3) to consider whether any new findings made by the ALJ require him to reevaluate Plaintiff's RFC and to proceed to Steps Three, Four, and Five of the sequential evaluation.

## CONCLUSION

For these reasons, the Court **REVERSES** the decision of the Commissioner and **REMANDS** this matter pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings consistent with this Opinion and Order.

IT IS SO ORDERED.

DATED this 23rd day of July, 2014.

/s/ Anna J. Brown

_____

ANNA J. BROWN
United States District Judge

18- OPINION AND ORDER