IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

RASHAWNDA LEWIS,                          3:13-cv-01479-BR

        Plaintiff,                        OPINION AND ORDER

v.

CAROLYN W. COLVIN, Acting
Commissioner, Social Security
Administration,

        Defendant.


GEORGE J. WALL
Law Offices of George J. Wall
1336 E. Burnside
Suite 130
Portland, OR 97214
(503) 236-0068

        Attorney for Plaintiff


S. AMANDA MARSHALL
United States Attorney
ADRIAN L. BROWN
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204
(503) 727-1003

1 - OPINION AND ORDER

**DAVID MORADO**
Regional Chief Counsel
**GERALD J. HILL**
Special Assistant United States Attorneys
Social Security Administration
701 Fifth Avenue, Suite 2900, M/S 221A
Seattle, WA 98104
(206) 615-2139

      Attorneys for Defendant

**BROWN, Judge.**

    This matter comes before the Court on Plaintiff Rashawnda Lewis's Petition (#15) for Fees in which she seeks $5,608.66 in attorneys' fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412.

    For the reasons that follow, the Court **GRANTS** Plaintiff's Petition and awards to Plaintiff **$5,608.66** in attorneys' fees pursuant to EAJA.

<u>**BACKGROUND**</u>

    Plaintiff filed her application for SSI on March 15, 2010. Her application was denied initially and on reconsideration. An Administrative Law Judge (ALJ) held a hearing on October 21, 2011. At the hearing Plaintiff was represented by an attorney.

    The ALJ issued a decision on November 22, 2011, in which he found Plaintiff is not disabled and, therefore, is not entitled to benefits. On August 8, 2013, the Appeals Council denied Plaintiff's request for review, and the ALJ's decision became the

2 - OPINION AND ORDER

final decision of the Commissioner.

This Court reviewed the Commissioner's denial of benefits pursuant to its authority under 42 U.S.C. § 1383(c).  After reviewing the record, the Court reversed the decision of the Commissioner on July 23, 2014, and remanded the matter pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings.

On August 26, 2014, Plaintiff filed her Petition (#15) for Fees under EAJA in this Court.  Defendant filed a Response (#16) to Plaintiff's Petition for Fees on September 9, 2014, and Plaintiff filed a Reply (#17) on September 23, 2014.

The Court took the Petition under advisement on September 23, 2014.


## STANDARDS

Under EAJA the Court may award attorneys' fees and costs to a plaintiff's attorney in an action against the United States or any agency or official of the United States if "(1) the party seeking fees is the prevailing party; (2) the government has not met its burden of showing that its positions were substantially justified or that special circumstances make an award unjust; and (3) the requested fees and costs are reasonable." *United States v. Milner*, 583 F.3d 1174, 1196 (9th Cir. 2009)(citing 28 U.S.C. § 2412(d)(1)(A)).  *See also Perez-Arellano v. Smith*, 279 F.3d

3 - OPINION AND ORDER

791, 793 (9th Cir. 2002).  Under EAJA the hourly rate for
attorneys' fees is capped at $125.00, but the statute allows the
Court to make adjustments for cost of living or other appropriate
"special factor[s]."  28 U.S.C. § 2412(d)(2)(A).

"To be a prevailing party, the party must have received an
enforceable judgment on the merits or a court-ordered consent
decree." *United States v. Milner*, 583 F.3d 1174, 1196 (9th Cir.
2009).  "Enforceable judgments and court-ordered consent decrees
create 'the material alteration of the legal relationship of the
parties' necessary to permit an award of attorney's fees."
*Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health &
Human Res.*, 532 U.S. 598, 604 (2001)(quoting *Tex. State Teachers
Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 792 (1989)).

A prevailing plaintiff is not entitled to attorneys' fees
under EAJA when the Commissioner's positions were substantially
justified.  *Li v. Keisler*, 505 F.3d 913, 918 (9th Cir. 2007).
The Commissioner's positions are substantially justified if they
are reasonably based in both law and fact.  *Lewis v. Barnhart*,
281 F.3d 1081, 1083 (9th Cir. 2002)(citing *Pierce v. Underwood*,
487 U.S. 552, 566 n.2 (1988)).  The Commissioner's failure to
prevail on the merits of his positions does not raise a
presumption of unreasonableness.  *United States v. Marolf*, 277
F.3d 1156, 1162 (9th Cir. 2002)(citing *Kali v. Bowen*, 854 F.2d
329, 332 (9th Cir. 1988)).

## DISCUSSION

As noted, Plaintiff seeks a total of $5,608.66 in attorneys' fees for 29.6 hours expended to litigate this matter. Specifically, Plaintiff seeks $187.02 per hour for 3.2 hours expended in 2013 and $189.78 per hour for 26.4 hours expended in 2014.

Defendant opposes Plaintiff's Petition on the grounds that it is untimely and that Plaintiff is not entitled to fees under EAJA because Defendant's positions were substantially justified.

Although Plaintiff acknowledges her Petition initially was untimely because it was filed before the Court's Judgment (#14) became final, Plaintiff resubmits her Petition in her Reply.[1]  In her Petition as amended, Plaintiff argues she is entitled to attorneys' fees under EAJA because the government's positions were without substantial justification.

## I.  Timeliness of Plaintiff's Petition.

Defendant argues Plaintiff's Petition is not timely because it was filed before the Court's Judgment entered July 23, 2014, became final; *i.e.*, before the Judgment became unappealable.

When a United States officer or employee is sued in an official capacity, any notice of appeal must be filed within 60 days after entry of judgment.  Fed. R. App. P. 4(a)(1)(B)(iii).

---

[1] Although Plaintiff did not file an actual amended Petition, the Court construes that portion of her Reply as amending her Petition.

*See also Hoa Hong Van v. Barnhart*, 483 F.3d 600, 607 (9th Cir. 2007).  Under EAJA "[a] party seeking an award of fees and other expenses shall, within thirty days of *final* judgment in the action, submit to the court an application for fees and other expenses."  Emphasis added.  28 U.S.C. § 2412(d)(1)(A).  A final judgment is a judgment that is "not appealable."  28 U.S.C. § 2412(d)(2)(G).  Thus, the 30-day period for seeking EAJA fees begins 60 days after the court enters final judgment in a Social Security matter.

The Court entered Judgment in this matter on July 23, 2014. The Judgment became final when the Commissioner did not appeal it within 60 days; *i.e.*, on September 22, 2014.  Plaintiff filed her Petition on August 26, 2014, before the Judgment was final.  As noted, however, the Court construes a portion of the Plaintiff's Reply filed on September 23, 2014, (after the judgment was final) as amending her Petition.  The Court, therefore, considers Plaintiff's Petition to be timely.

**II. Substantial Justification of the Government's Positions.**

Defendant argues the Court should deny Plaintiff's Petition because Defendant's positions were substantially justified. Specifically, Defendant argues it was substantially justified in its defense of (1) the ALJ's rejection of the October 19, 2011, opinion of Karla Rae Causeya, Psy.D., and (2) the Appeals Council's rejection of the December 1, 2011, opinion of Kristin

6 - OPINION AND ORDER

M. Behle, M.D.

### A.    Rejection of Dr. Causeya's Opinion

As noted, Defendant argues its defense of the ALJ's rejection of Dr. Causeya's opinion was substantially justified.

### 1.    The ALJ's Decision

In his Decision issued November 22, 2011, the ALJ gave Dr. Causeya's opinion little weight on the grounds that it was "based upon [Plaintiff's] subjective reporting of symptoms and is inconsistent with her own mental status exam, which was essentially normal; and it is inconsistent with the opinions of other examiners and reviewing doctors who opined [Plaintiff] is psychologically capable of work if so inclined." Tr. 35.[2] As to the "other examiners'" opinions that the ALJ found Dr. Causeya's opinion was inconsistent with, the ALJ gave "some weight" to the October 2009 examining opinion of Kay Stradinger, Psy.D., and the 1995 examining opinion of Jack W. Davies, Psy.D.

### 2.    Analysis

In its July 23, 2014, Opinion and Order (#13), this Court held the ALJ did not provide legally sufficient reasons for rejecting Dr. Causeya's opinion because the ALJ improperly relied on the opinions of Dr. Davies and Dr. Stradinger as a basis for rejecting Dr. Causeya's opinion.  In particular, the Court found

---

[2] Citations to the official transcript of record filed by the Commissioner on December 26, 2013, are referred to as "Tr."

7 - OPINION AND ORDER

the ALJ's rejection of Dr. Causeya's opinion based on
Dr. Davies's 1995 opinion was not proper because Dr. Davies's
opinion was issued long before Plaintiff's alleged onset date of
disability, and, therefore, the probative value of Dr. Davies's
opinion was substantially limited.  Opin. and Order (#13) at 14.

        Defendant, however, argues its position was
substantially justified because even "remote" evidence of a
plaintiff's functioning is relevant to a disability
determination; the ALJ discussed all of the evidence and only
erred by not providing sufficient reasons for discounting
Dr. Causeya's opinion; and the record contains evidence that
reasonably supports the ALJ's rejection of Dr. Causeya's opinion.
Defendant cites *Tobeler v. Colvin*, 749 F.3d 830, 833 (9th Cir.
2014), to support its argument that even "remote" evidence is
relevant to a disability determination.

        Although the *Tobeler* court implied evidence outside of
the relevant period for determining disability may be probative
as to whether a claimant was disabled during the relevant period,
that proposition does little to support Defendant's position that
Dr. Davies's opinion of Plaintiff's functionality in 1995
undermined Dr. Causeya's opinion regarding Plaintiff's
functionality in 2010.  *See id.*  As noted in its Opinion and
Order, the Court concludes because Dr. Davies's opinion predates
Plaintiff's alleged period of disability by 14 years, it does

little to undercut Dr. Causeya's opinion.  Thus, the
inconsistency of Dr. Causeya's opinion with Dr. Davies's opinion
was not a legally sufficient reason for rejecting Dr. Causeya's
opinion.  Moreover, the Court found the ALJ's remaining reasons
for rejecting Dr. Causeya's opinion were insufficient.

On this record the Court concludes the Commissioner's
position with regard to the ALJ's rejection of Dr. Causeya's
opinion was not substantially justified.

**B.    Rejection of Dr. Behle's Opinion**

Defendant also argues it was substantially justified in
arguing that Dr. Behle's opinion did not undermine the
substantial evidence that supported ALJ's opinion.  *See Brewes v.*
*Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1164 (9th Cir.
2012)("[W]hen the Appeals Council considers new evidence in
deciding whether to review a decision of the ALJ, that evidence
becomes part of the administrative record, which the district
court must consider when reviewing the Commissioner's final
decision for substantial evidence.").

**1.    The Appeals Council's Decision**

Dr. Behle's opinion was first submitted by Plaintiff to
the Appeals Council.  In its order denying Plaintiff's request
for review, the Appeals Council considered Dr. Behle's opinion
and reviewed the record as a whole.  Nevertheless, the Appeals
Council concluded the ALJ's decision was not "contrary to the

9 - OPINION AND ORDER

weight of evidence of record."  Tr. 3.

##### 2.    Analysis

In its July 23, 2014, Opinion and Order the Court found "[i]n light of the objective medical evidence contained in Dr. Behle's report and the fact that the ALJ erred when he rejected the opinion of Dr. Causeya, Dr. Behle's opinion may affect the ALJ's determination."  Opin. and Order (#13) at 16.

Dr. Behle, a treating medical provider with a long history of treating Plaintiff, specifically noted she agreed with Dr. Causeya's opinion.  Tr. 581-82.  Opinions from treating medical providers who have a lengthy treatment relationship with the claimant are generally afforded considerable weight.  *See* 20 C.F.R. § 416.927(c)(2).  Thus, because Dr. Behle's opinion was especially important evidence and because Dr. Behle's opinion directly undermined one of the ALJ's primary reasons for rejecting Dr. Causeya's opinion (*i.e.*, inconsistency with other opinions of record), the Court finds Defendant's position that Dr. Behle's opinion did not undermine the evidence that supported the ALJ's decision was not substantially justified.

Accordingly, on this record the Court concludes the Commissioner's position with regard to Dr. Behle's opinion was not substantially justified.

### III. Reasonableness of Plaintiff's Request for Attorneys' Fees.

As noted, Plaintiff seeks a total of $5,608.66 in attorneys'

fees at $187.02 per hour for 3.2 hours expended in 2013 and $189.78 per hour for 26.4 hours expended in 2014 to prosecute this matter.  Defendant does not object to these hourly rates, and the Court notes the rates are within the statutory cap on hourly rates provided for by EAJA.  The Commissioner also does not object to the number of hours for which Plaintiff seeks fees. The number of hours requested is within "the range most often requested and granted in social security cases." *See Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132 (9th Cir. 2012).

On this record the Court concludes Plaintiff's request for attorneys' fees and costs is reasonable in light of the fact that Plaintiff had to litigate in this Court to secure the beneficial result of a remand, the length of the litigation, the successful efforts by Plaintiff's attorney on behalf of Plaintiff, and Plaintiff's submissions in support of his Petition for Fees.

Accordingly, the Court grants Plaintiff's Petition for Fees and awards to Plaintiff a total of $5,608.66 in attorneys' fees pursuant to EAJA.

11- OPINION AND ORDER

**CONCLUSION**

For these reasons, the Court **GRANTS** Plaintiff's Petition (#15) for Fees and awards Plaintiff **$5,608.66** in attorneys' fees pursuant to EAJA.

IT IS SO ORDERED.

DATED this 5th day of November, 2014.


/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge

12- OPINION AND ORDER